By the Court:
The action below was for the purpose of enjoining the collection of the four unpaid installments *182 oí the assessment and not to recover back any part of the six assesments which had already been paid. The- fact that these six assessments had been paid voluntarily, therefore is of no importance in the cáse. The plaintiffs below paid $220.54 in excess of the full amount of a legal assessment for the improvement, b.ut they are not seeking to recover back this excess, but only to enjoin the collection of the other four installments. They paid the city all they owed and more, and should not now be required to pay still more. As soon as the city received payment to the full extent to which it had power to make a legal assessment for the improvement, its power of further collection was gone, and it would make no difference how the illegality in -the assessment arose, whether by overestimate, as in the case of Pike v. Cummings, 36 Ohio St., 213, or by mistake in calculations, as in Groesbeck v. Cincinnati, 51 Ohio St., 365, or'by a wrong construction of a statute as in this case, or by any other cause. Neither can it make any difference that the payments are made by installments. No more installments can be collected than equal the amount of an assessment made according to law. The case of Pelton v. Bemis, 44 Ohio St., 51, was an action to recover back an illegal assessment, while this is an action to enjoin the collection of such assessment. The distinction between the two is manifest. There is no error in the record.

Judgment affirmed.